```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAYMOND WATSON, | HON. JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil No. 04-0632 (JBS) |
| v. | |
| C.J. DeROSA, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Raymond Watson
1551 41st Street, S.E.
Washington, D.C. 20020
    Plaintiff pro se

Christopher J. Christie
United States Attorney
    By:  Daniel J. Gibbons
        Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
    Attorney for Defendants

**SIMANDLE**, District Judge:

    This matter comes before the Court upon Plaintiff's motion for reconsideration of this Court's denial of his motion for an order to cease and desist harassment as well as upon Plaintiff's second motion for such an order.  Also before the Court is the motion of Defendants to dismiss Plaintiff's Complaint, which is unopposed.  For the reasons stated below, Plaintiff's motions will be denied and the Court grants Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff pro se, Raymond Watson, brings this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that he was falsely charged with "Insolence Towards a Staff Member" and "Refusing to Obey an Order of any Staff Member," which resulted, inter alia, in a three day placement in the Special Housing Unit ("SHU") on administrative detention; a sixty day loss of commissary privileges; loss of his personal property and legal materials; and his ineligibility for privileges including housing assignments and pay raises.  Specifically, Plaintiff alleges that FCI Fort Dix Lieutenant Corey Kaough violated his civil rights by allowing Unit Officer Ronald Williams to file an incident report against him on January 26, 2004, by placing him in SHU and by instructing an officer to seize his legal papers.  Plaintiff also maintains that Officer Williams violated his civil rights on January 26, 2004 by falsely accusing Plaintiff of threatening him on three occasions while assigned to Plaintiff's housing unit; by selectively prosecuting Plaintiff because Officer Williams searched Plaintiff's locker at various times; and by discriminating against him for using the Administrative Remedy Program.  (Compl. at pp. 7-8.)  The Bureau of Prisons has no records of any administrative appeal filed by Plaintiff. (Declaration of Kisha M. Hebbon, ¶5.)

2

Plaintiff filed his Complaint on February 13, 2004. On August 12, 2004, Plaintiff filed a motion for an order to cease and desist harassment of Plaintiff, which this Court dismissed as premature on August 19, 2004. Plaintiff filed a motion for reconsideration of this Court's August 19, 2004 Order on September 13, 2004 and a second motion for such an order on January 7, 2005. Defendants filed a motion to dismiss on February 14, 2005. Plaintiff requested an extension of time to file his opposition to this motion, which the Court granted on March 18, 2005, thereby enlarging the time for Plaintiff to submit a response until April 18, 2005. Plaintiff, however, has submitted no such opposition.

## DISCUSSION

Plaintiff's Motion for Reconsideration and Renewed Motion

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration. The rule requires that the moving party set forth the factual matters or controlling legal authority that it believes this Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. DeLong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by

Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  The purpose of a motion for reconsideration "is to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly.  Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citing Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993).  Nor is reconsideration warranted when the moving party simply recapitulates the cases and arguments considered by the court prior to rendering its initial decision. Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J. 1989).

   Plaintiff argues on reconsideration that the Court erroneously dismissed his motion for an order to cease and desist harassment because he has indeed "already exhausted all of his administrative remedies prior to filing the cause of action herein on 28 May 2004."  (Pl.'s Brief at 2.)  Plaintiff therefore renews his motion for an order to cease and desist in this motion for reconsideration [Docket Item No. 10-1] and again in his motion of January 7, 2005 [Docket Item No. 16-1].

4

Although he states that he has exhausted his administrative remedies, he offers no evidence of this. Moreover, Defendants offer evidence that Plaintiff has not initiated the administrative remedy process regarding any issue raised in his Complaint. (See Hebbon Decl. at ¶5; Ex. 1b.) Thus, this Court will deny Plaintiff's motion for reconsideration as well as his renewed motion for an order to cease and desist harassment of Plaintiff.

Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to exhaust available administrative remedies on all issues before filing this civil action.

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). To this end, the PLRA provides that no action may be brought with respect to prison conditions unless the prisoner has exhausted available administrative remedies first. Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to
> prison conditions under section 1983 of this
> title, or any other Federal law, by a
> prisoner confined in any jail, prison, or
> other correctional facility until such

5

>>administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  The statutory language establishing the exhaustion of available remedies as a prerequisite to filing suit is clear, unambiguous and absolute.  If the institution has an internal administrative grievance procedure for complaints about prison conditions, an inmate must pursue and exhaust those procedures prior to initiating suit.  The statute contemplates no exceptions.

The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment.  See 28 C.F.R. §§ 542.10-542.19.  First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."  28 C.F.R. § 542.113(a).  Second, if the inmate is unable to informally resolve the complaint, he may file "a formal written administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis of the request occurred.  28 C.F.R. § 542.14(a).  The Warden at the institution

has twenty days in which to respond.  28 C.F.R. § 542.18.  If the inmate is not satisfied with the Warden's response, he may appeal on the appropriate form (BP-10) to the Regional Director within twenty calendar days from the date of the Warden's response.  28 C.F.R. § 542.15.  Finally, the inmate may appeal the Regional Director's response to the General Counsel within thirty days from the date of the Regional Director's response.  The General Counsel has forty days to respond.  28 C.F.R. § 542.18.  No administrative remedy appeal is considered to have been finally exhausted until it has been considered by the Bureau of Prisons' Central Office.

   Plaintiff alleges civil rights violations in connection with a disciplinary incident report he received on January 26, 2004.  The records maintained by the Bureau of Prisons, however, indicate that Plaintiff has not initiated the administrative remedy process for any of these issues prior to filing his Complaint.  (Hebbon Decl. at ¶5; Ex. 1b.)  Thus, Plaintiff's Complaint must be dismissed for failure to exhaust the available administrative remedies.

**CONCLUSION**

For the reasons discussed above, Plaintiff's motions for reconsideration and for an order to cease and desist harassment are denied.  Defendants' motion to dismiss for failure to exhaust available administrative remedies is granted.  The accompanying Order is entered.

| | |
|---|---|
| May 3, 2005 | **s/ Jerome B. Simandle** |
| DATE | JEROME B. SIMANDLE |
| | United States District Judge |